**FILED**

**JANUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**08 C 0078**

| | | |
|---|---|---|
| ANN ROWLAND and PATRICIA KAPSALIS, | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) | Case No. |
| | ) | |
| LAKE FOREST HEALTH AND FITNESS INSTITUTE, | ) ) ) | **JUDGE KENNELLY**<br>**MAGISTRATE JUDGE COX** |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Ann Rowland ("Rowland") and Patricia Kapsalis ("Kapsalis"), by their undersigned attorney, complain of defendant Lake Forest Health and Fitness Institute ("Defendant") as follows:

### JURISDICTION AND VENUE

1.     Plaintiffs' claims arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.  Accordingly, this Court possesses subject matter jurisdiction over this case pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

2.     Rowland, a female, was born on November 29, 1963, and currently resides in Chicago, Illinois.  At all times relevant herein, Rowland was more than forty years of age, and therefore within the age group protected by the ADEA.  *See* 29 U.S.C. § 631(a).

3.     Kapsalis a female, was born on January 20, 1955, and currently resides in Antioch, Illinois.  At all times relevant herein, Kapsalis was more than forty years of age, and therefore within the age group protected by the ADEA.  *See* 29 U.S.C. § 631(a).

4.     Defendant is an Illinois corporation and maintains its principal place of business in Lake Forest, Illinois.  This Court therefore possesses jurisdiction over Defendant.

Defendant's listed registered agent is James E. Killian, located at 1200 N. Westmoreland Road, Lake Forest, Illinois, 60045.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), in that Defendant resides in this judicial district, and a substantial part of the actions and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    On July 25, 2007, Rowland filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age, and subjected her to unlawful retaliation, in violation of the ADEA.  Rowland received her notice of right to sue (the "Notice") on or about October 20, 2007.  *See* Exhibit A.  Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Rowland's receipt of the Notice.

7.    On July 25, 2007, Kapsalis filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age in violation of the ADEA.  Kapsalis received her notice of right to sue (the "Notice") on or about October 20, 2007.  *See* Exhibit B.  Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Kapsalis's receipt of the Notice.

8.    Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law or fact common to Plaintiffs will arise in this action.  Accordingly, Plaintiffs' joinder in this action is proper under Fed. R. Civ. P. 20.

## FACTUAL BACKGROUND

9.    Defendant is in the business of providing hospital-based health, fitness and wellness services to customers.  Defendant does business under the names Lake Forest Health & Fitness Center and Lindenhurst Health & Fitness Center. Defendant has approximately 250 employees, and maintains facilities in Lake Forest, Illinois and Lindenhurst, Illinois.

10.  Defendant has had twenty or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar year. Accordingly, defendant is an "employer" under the ADEA.

11.  In or around early to mid-2006, the average age of Defendant's membership was approximately in the mid-50's.

12.  Beginning in or around mid to late 2006, however, Defendant embarked on a plan to attract younger persons in their thirties and forties as customers.

13.  Consistent with its new "youthful" approach, Defendant, in 2006 and 2007, engaged in a series of actions intended to eliminate older employees from its facilities and replace them with substantially younger employees.

14.  To that end, Defendant harassed, disciplined, demoted and/or terminated multiple employees who were within the age group protected by the ADEA; and during this same time frame hired a number of substantially younger replacement employees.

15. Defendant engaged in this pattern of conduct in order to transform its business and facilities to attract a younger and more youthful population of customers and clients.

## COUNT I: ANN ROWLAND

16. Rowland incorporates the allegations set forth in Paragraphs 1 through 15 as the allegations of this Paragraph.

17. Rowland was employed by Defendant from on or about January 27, 1997 until April 30, 2007, when Defendant terminated her employment. At the time of her termination, Rowland was employed as Defendant's Program Director. In this position, her duties included but were not limited to: designing and teaching medical lifestyle change programs; marketing and teaching wellness programs at corporations; marketing and selling memberships to physicians and their staffs; coordinating physician lecture programs; providing personal training; teaching various classes; managing the job responsibilities of dieticians and program managers; and managing the production of member newsletters.

18. During her employment with Defendant, Rowland performed her job duties satisfactorily and received pay raises.

19. In April of 2007, Defendant advised Rowland, then 43, that she was being removed from her position as Program Director, a managerial level position that she had held for over ten years.

20. Rowland's duties as Program Director were assumed by Laura Bookman, who, upon information and belief, at that time was in her late twenties. Defendant

4

did not give Rowland the opportunity to apply for the Fitness Director position held by Bookman.

21. Defendant removed Rowland from the position of Program Director because of her age.

22. In late April of 2007, Defendant offered Rowland on a take-it-or-leave-it basis an entry-level membership sales position, in which she would have been paid substantially less than in the position of Program Director.

23. As a direct and proximate result of Defendant's unlawful actions, Rowland has sustained injuries and damages.

24. The foregoing actions taken by Defendant against Rowland constitute unlawful age discrimination in violation of the ADEA.

25. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

26. Rowland demands trial by jury on all issues of fact.

WHEREFORE, plaintiff Ann Rowland respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

(a) Enjoin Defendant from committing further violations of the ADEA;

(b) Award her damages in an amount sufficient to compensate her for the damages and losses she has suffered as the result of Defendant's unlawful actions;

(c) Award her liquidated damages; and

(d) Award her attorney's fees, costs and such other and further relief as this Court deems just.

## COUNT II:  PATRICIA KAPSALIS

27.  Kapsalis incorporates the allegations set forth in Paragraphs 1 through 15 as the allegations of this Paragraph.

28.  Kapsalis was employed by Defendant from January, 1994 until February 2, 2007, when she was constructively discharged from her position as Business Manager.

29.  During her employment with Defendant, Kapsalis performed her job duties satisfactorily and received pay raises.

30.  Notwithstanding her satisfactory performance, Defendant, in its effort to eliminate its older employees, engaged in outrageous, abusive and harassing actions against Kapsalis in order to force her to leave her employment.

31. For example, Defendant's President and CEO knowingly and falsely accused Kapsalis of paying out vacation pay to other employees in an unauthorized and wrongful manner and of not following proper procedures. Defendant's President and CEO also knowingly and falsely accused Kapsalis of wrongfully obtaining monies from Defendant.  Within days of the incidents set forth in this paragraph, Defendant's President and CEO called Kapsalis on the telephone and yelled and screamed at her in such an abusive, demeaning and bullying manner that Kapsalis became concerned for her continued well being at work with Defendant.

6

32. As a direct and proximate result of these and other abusive, intimidating and harassing actions taken by Defendants' President and other upper management, Kapsalis was constructively discharged from her employment on February 2, 2007.

33. At the time of her constructive discharge, Kapsalis was 52 years old.

34. Defendant discriminated against Kapsalis because of her age.

35. As a direct and proximate result of Defendant's unlawful actions, Kapsalis's employment with Defendant was constructively discharged, and she has sustained injuries and damages.

36. Defendant's actions constitute unlawful age discrimination in violation of the ADEA.

37. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

38. Kapsalis demands trial by jury on all issues of fact.

WHEREFORE, plaintiff Patricia Kapsalis respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

   (a) Enjoin Defendant from committing further violations of the ADEA;

   (b) Award her money in an amount sufficient to compensate her for the damages and losses she has suffered as the result of Defendant's unlawful actions;

   (c) Award her liquidated damages; and

(d) Award her attorney's fees, costs and such other and further relief as this

Court deems just.

Dated this 4th day of January, 2008.

By: _____
                                        Attorney for Plaintiffs

William M. Walsh (06194203)
53 W. Jackson Boulevard, Suite 224
Chicago, Illinois 60604
(312) 362-9190 (P)
(312) 431-8694 (F)
walshlaw45@msn.com

8

EEOC Form 161-B (3/98)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ann K. Rowland<br>4117 N. Central Park Avenue<br>Chicago, IL 60618 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL  7099 3400 0018 8815 6155**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06643 | **Donald  Marvin,**<br>**Investigator** | **(312) 353-8198** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                      10-17-07

Enclosures(s)

**John P. Rowe,**<br>**District Director**

*(Date Mailed)*

cc:      **LAKE FOREST HEALTH & FITNESS CENTER**



EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Patricia A. Kapsalis
258 Cedarwood Lane
Antioch, IL 60002

CERTIFIED MAIL 7099 3400 0018 8815 6148

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06642 | Donald Marvin,<br>Investigator | (312) 353-8198 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

10-17-07
(Date Mailed)

Enclosures(s)

cc:     **LAKE FOREST HEALTH & FITNESS CENTER**

