# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANN ROWLAND and PATRICIA KAPSALIS,<br><br>Plaintiffs,<br><br>v.<br><br>LAKE FOREST HEALTH AND FITNESS INSTITUTE,<br><br>Defendant. | No. 08 C 0078<br><br>Judge Kennelly<br>Magistrate Judge Cox |

## STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

It is hereby stipulated and agreed by and between the parties, Plaintiffs Ann Rowland and Patricia Kapsalis (collectively referred to as "Plaintiffs"), and Defendant Lake Forest Health and Fitness Institute ("Defendant") and their attorneys that this Stipulation will govern the handling of all material produced by the parties through discovery or pursuant to preparations for any settlement conference, whether formally or informally, that is designated as "Confidential" in the above-captioned case. This Stipulation will also govern the handling of documents and all other forms of recorded information containing or derived from "Confidential" material and will be limited to the pre-trial phase of this case. Thereafter, the parties will reconvene to determine whether any exchanged information warrants protection at trial.

I.  CONFIDENTIAL MATERIAL

A.  A producing party may designate as "Confidential" documents or other material if such party believes in good faith that they contain or consist of any trade secrets or non-public business or personal information entitled to confidential treatment, including but not limited to the following:

      1.      Information pertaining to Defendant's employees and their compensation and benefits including but not limited to employee addresses, social security numbers, discipline, performance, wages, garnishments, wage assignments and other personal information;

      2.      Information of a proprietary or confidential nature relating to Defendant, its employees or Plaintiffs including but not limited to:

           a.      Non-public financial records;

           b.      Non-public records relating to Defendant's operations and/or management;

      3.      Confidential separation or severance agreements.

The above information may be designated as confidential to protect employee privacy interests and to protect Defendant's legitimate business and strategic interests.

II.    <u>DESIGNATION OF CONFIDENTIAL MATERIAL</u>

A.    With respect to material described in section I, the producing party shall mark or designate as "Confidential" any or all portions of the material it wishes to protect from disclosure to third parties and/or from use outside of this litigation.

B.    Documents that a party wishes to designate as "Confidential" will bear a stamp or label on the face of the document or material so indicating.

C.    To the extent any party has produced documents prior to the execution of this Stipulation that are designated or labeled "Confidential" as provided herein , those documents shall be governed by the terms of this Stipulation.

D.    The parties agree that a producing party's failure to mark or designate any produced material as "Confidential" prior to the production of such material does not

constitute a waiver of the producing party's right to designate such material as "Confidential" promptly following production. Provided, however, the parties further agree that any disclosure of such documents prior to such designation (or resulting therefrom) shall not constitute a violation of this Stipulation.

III.  OBJECTION TO DESIGNATION OF CONFIDENTIAL MATERIAL

A. Each party reserves the right to challenge the designation by another party that the produced material is "Confidential."

B. In the event any party challenges the designation by another party that produced material is "Confidential,"" the parties will confer in good faith to seek to resolve the issue. In the event the parties are unable to resolve their dispute after conferring in good faith, the parties will seek resolution of such issues by the Court. The party opposing the designation will be responsible for moving the Court for an appropriate order.

IV. DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL

A. "Confidential" material will be used solely for purposes of the instant litigation and will not be used for any other purpose, including, without limitation, for any commercial or personal purpose of for any other litigation or administrative proceeding.

B. "Confidential" material will not be disclosed to a third party or publicized without the prior written consent of counsel for the producing party, except that it can be disclosed to:

    1. Counsel for the parties, including the employees of such counsel to the extent necessary to assist counsel in this litigation;

    2. The parties;

    3. The Court and its employees (as limited by section V below);

  4. Photocopy or document imaging vendors and court reporters retained by the parties;

  5. Expert witnesses, but only if the expert first agrees to be bound by the terms of this Stipulation.  Counsel for the party that discloses any confidential material to an expert witness will be responsible for first obtaining the expert's agreement to be bound by the terms of this Stipulation;

  6. Other witnesses as appropriate when testifying at a deposition, hearing or trial, or in preparation for any such testimony, but only if the witness first agrees to be bound by the terms of this Stipulation.  Counsel for the party that discloses any confidential material to a witness will be responsible for first obtaining the witness' agreement to be bound by the terms of this Stipulation.

C. Upon the final determination of this action, unless otherwise determined by the parties or the Court, all originals and copies of documents designated as "Confidential" shall, upon written request by the producing party, be returned to counsel for the producing party or destroyed within forty-five days of such written request.

V. <u>FILING OF CONFIDENTIAL MATERIAL</u>

A. Nothing in this Stipulation will prevent the use of "Confidential" material in this litigation in support of or in opposition to motions, in hearings or at trial.

B. Any party seeking to file "Confidential" material with the Court under seal must file a motion with the Court, which must be filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.  The mere fact that information has been designated as confidential by a party is

insufficient to permit under-seal filing. The party seeking to file the material under seal must set forth in its motion the reasons why the record should be sealed.

C.  If the motion is granted, the moving party shall file the materials in a sealed envelope with the words "Confidential Material Sealed Pursuant to Court Order", displayed prominently on the outside. The party must also file a public-record version that includes the entire filing except for the portions that are being filed under seal.

D.  Within forty-five days of the closure of this case in the District Court, either party may obtain the return of any previously-sealed or previously-restricted documents by a motion to the Court. Any documents that are not so withdrawn will become part of the public case file.

## VI. LIMITS OF STIPULATION

Producing "Confidential" material or entering into, agreeing to, or otherwise complying with the terms of this Stipulation will not prejudice the right of any party to:

A.  Object to any discovery request seeking production of material it considers to be privileged or otherwise not subject to discovery;

B.  Redact confidential information which it considers to be privileged or otherwise not subject to discovery; or

C.  Apply to the Court for a protective order.

## VII. ENFORCEMENT AND REMEDIES

The provisions of this Stipulation will be enforceable by the Court. In the event of a finding by the Court that this Stipulation has been breached, the Court may order any relief that it deems just and equitable, including monetary damages. The Court will have continuing

jurisdiction to enforce this Stipulation throughout the litigation and following the conclusion of the instant litigation.

| | |
|---|---|
| **PLAINTIFFS ANN ROWLAND AND PATRICIA KAPSALIS** | **DEFENDANT LAKE FOREST HEALTH AND FITNESS INSTITUTE** |
| By:  s/ William Walsh (with consent) | By: s/ Kendra M. Allaband |

CH01/ 13508701.2