IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ANN ROWLAND and PATRICIA KAPSALIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 00078 |
| | ) | |
| LAKE FOREST HEALTH AND FITNESS INSTITUTE, | ) | Judge Kennelly |
| | ) | |
| | ) | Magistrate Judge Cox |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

Plaintiffs, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby move this Court for leave to file the attached Amended Complaint, which adds a third count on behalf of plaintiff Patricia Kapsalis alleging a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1-19 (the "Wage Act"). In support of this Motion, Plaintiffs state as follows:

1. Plaintiffs, former employees of Defendant, filed this action on January 4, 2008, alleging in separate counts that they were terminated because of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. (the "ADEA").

2. Plaintiffs seek leave to file the attached Amended Complaint in order to add a claim that Defendant has wrongfully refused to pay plaintiff Patricia Kapsalis for earned but unused vacation leave in violation of the Wage Act. This claim arises out of the same common core of operative facts as Kapsalis's age discrimination claim; and

therefore this Court possesses supplemental subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1367.

3. Plaintiffs have added a new Paragraph 2, as well as Count III, and have made changes to Paragraphs 15 (added "and/or promoted") and 21 (changed job title to "Director of Fitness and Education").

4. Rule 15(a) provides that "leave shall be freely granted" to file an amended pleading "when justice so requires."

5. Allowing Plaintiffs to file the proposed Amended Complaint will not unfairly prejudice Defendant or unduly delay the litigation of this case. No trial date has been set for this case. The parties have exchanged Rule 26(a) disclosures and written discovery requests, but no depositions have been taken, and discovery is not set to close until September 8, 2008.

WHEREFORE, Plaintiffs respectfully requests that their Motion for Leave to File an Amended Complaint be granted.

Respectfully submitted,

/s/William M. Walsh
William M. Walsh (06194203)

Law Office of William M. Walsh
53 W. Jackson Boulevard, Suite 224
Chicago, Illinois 60604
(312) 362-9190 (P)
(312) 922-2008 (F)
walshlaw45@msn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANN ROWLAND and PATRICIA KAPSALIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LAKE FOREST HEALTH AND FITNESS ) <br> INSTITUTE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 08 C 0078 <br><br> Judge Kennelly <br><br> Magistrate Judge Cox |

## AMENDED COMPLAINT

Plaintiffs Ann Rowland ("Rowland") and Patricia Kapsalis ("Kapsalis"), by their undersigned attorney, complain of defendant Lake Forest Health and Fitness Institute ("Defendant") as follows:

## JURISDICTION AND VENUE

1. Plaintiffs' federal claims arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. Accordingly, this Court possesses subject matter jurisdiction over this case pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

2. Kapsalis also brings a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1-16 (the "Wage Act"), which is so related to her age discrimination claim that it forms part of the same case and controversy; accordingly, pursuant to 28 U.S.C. §1367, this Court possesses supplemental jurisdiction over Kapsalis's Wage Act claim.

## PARTIES

3. Rowland, a female, was born on November 29, 1963, and currently resides in Chicago, Illinois. At all times relevant herein, Rowland was more than forty years of age, and therefore within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a).

4. Kapsalis a female, was born on January 20, 1955, and currently resides in Antioch, Illinois. At all times relevant herein, Kapsalis was more than forty years of age, and therefore within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a).

5. Defendant is an Illinois corporation and maintains its principal place of business in Lake Forest, Illinois. This Court therefore possesses jurisdiction over Defendant. Defendant's listed registered agent is James E. Killian, located at 1200 N. Westmoreland Road, Lake Forest, Illinois, 60045.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), in that Defendant resides in this judicial district, and a substantial part of the actions and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On July 25, 2007, Rowland filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age, and subjected her to unlawful retaliation, in violation of the ADEA. Rowland received her notice of right to sue (the "Notice") on or about October 20, 2007. *See* Ex. A hereto. Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Rowland's receipt of the Notice.

8. On July 25, 2007, Kapsalis filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age in violation of the ADEA. Kapsalis received her notice of right to sue (the "Notice") on or about October

20, 2007. *See* Ex. B hereto. Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Kapsalis's receipt of the Notice.

9. Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law or fact common to Plaintiffs will arise in this action. Accordingly, Plaintiffs' joinder in this action is proper under Fed. R. Civ. P. 20.

## FACTUAL BACKGROUND

10. Defendant is in the business of providing hospital-based health, fitness and wellness services to customers. Defendant does business under the names Lake Forest Health & Fitness Center and Lindenhurst Health & Fitness Center. Defendant has approximately 250 employees, and maintains facilities in Lake Forest, Illinois and Lindenhurst, Illinois.

11. Defendant has had twenty or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar year. Accordingly, defendant is an "employer" under the ADEA.

12. In or around early to mid-2006, the average age of Defendant's membership was approximately 56 years of age.

13. Beginning in or around mid to late 2006, however, Defendant embarked on a plan to attract younger persons in their thirties and forties as customers.

14. Consistent with its new "youthful" approach, Defendant, in 2006 and 2007, engaged in a series of actions intended to eliminate older employees from its facilities and replace them with substantially younger employees.

3

15. To that end, Defendant harassed, disciplined, demoted and/or terminated multiple employees who were within the age group protected by the ADEA; and during this same time frame hired and/or promoted at least five substantially younger replacement employees.

16. Defendant engaged in this pattern of conduct in order to transform its business and facilities to attract a younger and more youthful population of customers and clients.

### COUNT I: ANN ROWLAND - ADEA

17. Rowland incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

18. Rowland was employed by Defendant from on or about January 27, 1997 until April 30, 2007, when Defendant terminated her employment. At the time of her termination, Rowland was employed as Defendant's Program Director. In this position, her duties included but were not limited to: designing and teaching medical lifestyle change programs; marketing and teaching wellness programs at corporations; marketing and selling memberships to physicians and their staffs; coordinating physician lecture programs; providing personal training; teaching various classes; managing the job responsibilities of dieticians and program managers; and managing the production of member newsletters.

19. During her employment with Defendant, Rowland performed her job duties satisfactorily and received pay raises.

4

20. In April of 2007, Defendant advised Rowland, then 43, that she was being removed from her position as Program Director, a managerial level position that she had held for over ten years.

21. Rowland's duties as Program Director were assumed by Laura Bookman, who, upon information and belief, at that time was in her late twenties. Defendant did not give Rowland the opportunity to apply for the Director of Fitness and Education position held by Bookman.

22. Defendant removed Rowland from the position of Program Director because of her age.

23. In late April of 2007, Defendant offered Rowland on a take-it-or-leave-it basis an entry-level membership sales position, in which she would have been paid substantially less than in the position of Program Director.

24. As a direct and proximate result of Defendant's unlawful actions, Rowland has sustained injuries and damages.

25. The foregoing actions taken by Defendant against Rowland constitute unlawful age discrimination in violation of the ADEA.

26. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

27. Rowland demands trial by jury on all issues of fact.

WHEREFORE, plaintiff Ann Rowland respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

(a) Enjoin Defendant from committing further violations of the ADEA;

5

(b) Award her damages in an amount sufficient to compensate her for the damages and losses she has suffered as the result of Defendant's unlawful actions;

(c) Award her liquidated damages; and

(d) Award her attorney's fees, costs and such other and further relief as this Court deems just.

### COUNT II: PATRICIA KAPSALIS - ADEA

28. Kapsalis incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

29. Kapsalis was employed by Defendant from January, 1994 until February 2, 2007, when she was constructively discharged from her position as Business Manager.

30. During her employment with Defendant, Kapsalis performed her job duties satisfactorily and received pay raises.

31. Notwithstanding her satisfactory performance, Defendant, in its effort to eliminate its older employees, engaged in outrageous, abusive and harassing actions against Kapsalis in order to force her to leave her employment.

32. For example, Defendant's President and CEO knowingly and falsely accused Kapsalis of paying out vacation pay in an unauthorized and wrongful manner and of not following proper procedures.

33. On another occasion, the President and CEO yelled and screamed at Kapsalis in such an abusive and bullying manner that Kapsalis became concerned for her continued well being at work with Defendant.

34. As a direct and proximate result of these and other abusive, intimidating and harassing actions taken by Defendants' President and other upper management, Kapsalis was constructively discharged from her employment on February 2, 2007.

35. At the time of her constructive discharge, Kapsalis was 52 years old.

36. Defendant discriminated against Kapsalis because of her age.

37. As a direct and proximate result of Defendant's unlawful actions, Kapsalis's employment with Defendant was constructively discharged, and she has sustained injuries and damages.

38. Defendant's actions constitute unlawful age discrimination in violation of the ADEA.

39. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

40. Kapsalis demands trial by jury on all issues of fact.

WHEREFORE, plaintiff Patricia Kapsalis respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

(a) Enjoin Defendant from committing further violations of the ADEA;

(b) Award her money in an amount sufficient to compensate her for the damages and losses she has suffered as the result of Defendant's unlawful actions;

(c) Award her liquidated damages; and

(d) Award her attorney's fees, costs and such other and further relief as this Court deems just.

### COUNT III: PATRICIA KAPSALIS – WAGE ACT

41. Kapsalis incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

42. Defendant was at all times relevant hereto an employer within the meaning of the Wage Act.

43. Kapsalis was at all times relevant hereto an employee of Defendant within the meaning of the Wage Act.

44. At all times relevant hereto, Defendant had a policy and practice pursuant to which Defendant agreed to pay terminated employees for all earned but unused vacation leave such employees had accrued during their employment with Defendant.

45. At the time Kapsalis's employment with Defendant was terminated, she had accrued a substantial number of days of earned but unused vacation leave.

46. Upon termination of her employment, Kapsalis demanded that Defendant pay her the monetary equivalent for her accrued but unused vacation leave.

47.   Defendant, in willful violation of the Wage Act, refused and continues to refuse to pay Kapsalis for such accrued but unused vacation leave.

WHEREFORE, plaintiff Patricia Kapsalis respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

(a) Award her money damages in an amount sufficient to compensate her for the damages and losses she has suffered as the result of Defendant's unlawful actions;

(b) Award her punitive damages; and

(c) Award her attorney's fees, costs and such other and further relief as this Court deems just.

Dated this 4th day of June, 2008.


William M. Walsh (06194203)               By:   /s/ William M. Walsh
53 W. Jackson Boulevard, Suite 224                Attorney for Plaintiffs
Chicago, Illinois 60604
(312) 362-9190 (P)
(312) 431-8694 (F)
walshlaw45@msn.com

9

## CERTIFICATE OF SERVICE

I, William M. Walsh, hereby certify that on the 4th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

> Mark Furlane @ mark.furlane@dbr.com
> Kendra Allaband @ kendra.allaband@dbr.com
> Drinker Biddle & Reath, LLP
> 191 N. Wacker Drive, Suite 3700
> Chicago, Illinois 60606

/s/ William M. Walsh
William M. Walsh (06194203)
Attorney for Plaintiffs