IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN ROWLAND and PATRICIA KAPSALIS,<br><br>    Plaintiffs,<br><br>        v.<br><br>LAKE FOREST HEALTH AND FITNESS INSTITUTE,<br><br>    Defendant. | No. 08 C 0078<br><br>Judge Kennelly<br>Magistrate Judge Cox |

**LAKE FOREST HEALTH AND FITNESS INSTITUTE'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Lake Forest Health and Fitness Institute ("Defendant") hereby provides its Answer and affirmative defenses to the Amended Complaint filed by Plaintiffs Ann Rowland ("Rowland") and Patricia Kapsalis ("Kapsalis") (collectively, "Plaintiffs").

**JURISDICTION AND VENUE**

1.      Plaintiffs' claims arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.  Accordingly, this Court possesses subject matter jurisdiction over this case pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

**ANSWER:**   Defendant admits that Plaintiffs purport to assert claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621-34, and that this Court possesses subject matter jurisdiction over this case pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.  Defendant denies the remaining allegations contained in paragraph 1.

2. Kapsalis also brings a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1-16 (the "Wage Act"), which is so related to her age discrimination claim that it forms part of the same case and controversy; accordingly, pursuant to 28 U.S.C. §1367, this Court possesses supplemental jurisdiction over Kapsalis's Wage Act claim.

**ANSWER:** Defendant admits that Plaintiff Kapsalis purports to assert a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1-16. The remainder of Paragraph 2 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of Paragraph 2.

## PARTIES

3. Rowland, a female, was born on November 29, 1963, and currently resides in Chicago, Illinois. At all times relevant herein, Rowland was more than forty years of age, and therefore within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a).

**ANSWER:** Defendant admits the allegations contained in paragraph 3.

4. Kapsalis, a female, was born on January 20, 1955, and currently resides in Antioch, Illinois. At all times relevant herein, Kapsalis was more than forty years of age, and therefore within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a).

**ANSWER:** Defendant admits the allegations contained in paragraph 4.

5. Defendant is an Illinois corporation and maintains its principal place of business in Lake Forest, Illinois. This Court therefore possesses jurisdiction over Defendant. Defendant's listed registered agent is James E. Killian, located at 1200 N. Westmoreland Road, Lake Forest, Illinois, 60045.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b) and (c), in that Defendant resides in this judicial district, and a substantial part of the actions and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

**ANSWER:** Defendant admits that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and that Defendant resides in this judicial district.  Defendant denies the remaining allegations contained in paragraph 6.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  On July 25, 2007, Rowland filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age, and subjected her to unlawful retaliation, in violation of the ADEA. Rowland received her notice of right to sue (the "Notice") on or about October 20, 2007.  *See* Exhibit A.  Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Rowland's receipt of the Notice.

**ANSWER:**   Defendant admits the allegations contained in paragraph 7.

8.  On July 25, 2007, Kapsalis filed a charge of discrimination with the EEOC alleging that Defendant had discriminated against her based on her age in violation of the ADEA.  Kapsalis received her notice of right to sue (the "Notice") on or about October 20, 2007.  *See* Exhibit B.  Pursuant to 29 U.S.C. §626(e), this action is filed within 90 days of Kapsalis's receipt of the Notice.

**ANSWER:**   Defendant admits the allegations contained in paragraph 8.

9.  Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law or fact common to Plaintiffs will arise in this action.  Accordingly, Plaintiffs' joinder in this action is proper under Fed. R. Civ. P. 20.

**ANSWER:**   Defendant denies the allegations contained in paragraph 9.

**FACTUAL BACKGROUND**

10.     Defendant is in the business of providing hospital-based health, fitness and wellness services to customers. Defendant does business under the names Lake Forest Health & Fitness Center and Lindenhurst Health & Fitness Center. Defendant has approximately 250 employees, and maintains facilities in Lake Forest, Illinois and Lindenhurst, Illinois.

**ANSWER:**   Defendant admits the allegations contained in paragraph 10.

11.     Defendant has had twenty or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar year. Accordingly, defendant is an "employer" under the ADEA.

**ANSWER:**   Defendant admits the allegations contained in paragraph 11.

12.     In or around early to mid-2006, the average age of Defendant's membership was approximately 56 years of age.

**ANSWER:**   Defendant admits the allegations in paragraph 12.

13.     Beginning in or around mid to late 2006, however, Defendant embarked on a plan to attract younger persons in their thirties and forties as customers.

**ANSWER:**   Defendant denies the allegations contained in paragraph 13.

14.     Consistent with its new "youthful" approach, Defendant, in 2006 and 2007, engaged in a series of actions intended to eliminate older employees from its facilities and replace them with substantially younger employees.

**ANSWER:**   Defendant denies the allegations contained in paragraph 14.

15.     To that end, Defendant harassed, disciplined, demoted and/or terminated multiple employees who were within the age group protected by the ADEA; and during this same time frame hired and/or promoted at least five substantially younger replacement employees.

**ANSWER:**   Defendant denies the allegations contained in paragraph 15.

16.     Defendant engaged in this pattern of conduct in order to transform its business and facilities to attract a younger and more youthful population of customers and clients.

**ANSWER:**   Defendant denies the allegations contained in paragraph 16.

## COUNT I:  ANN ROWLAND

17.   Rowland incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 16 as its answer to paragraph 17.

18.   Rowland was employed by Defendant from on or about January 27, 1997 until April 30, 2007, when Defendant terminated her employment.  At the time of her termination, Rowland was employed as Defendant's Program Director.  In this position, her duties included but were not limited to: designing and teaching medical lifestyle change programs; marketing and teaching wellness programs at corporations; marketing and selling memberships to physicians and their staffs; coordinating physician lecture programs; providing personal training; teaching various classes; managing the job responsibilities of dieticians and program managers, and managing the production of member newsletters.

**ANSWER:**   Defendant admits that Rowland was hired by Defendant on or about January 27, 1997, and that Rowland's Program Director position was eliminated effective April 30, 2007.  Defendant further admits that paragraph 18 includes an accurate listing of Rowland's job duties.  Defendant denies, however, that Rowland was terminated, as Defendant offered Rowland another position in Membership Sales, which Rowland declined.

19.   During her employment with Defendant, Rowland performed her job duties satisfactorily and received pay raises.

**ANSWER:**   Defendant admits that Rowland received annual increases but denies the remaining allegations contained in paragraph 19.

20.   In April of 2007, Defendant advised Rowland, then 43, that she was being removed from her position as Program Director, a managerial level position that she had held for over ten years.

**ANSWER:**   Defendant admits that in April 2007, Rowland, then 43 years of age, was advised that her position as Program Director, a managerial position,

was being eliminated.  Defendant denies the remaining allegations contained in paragraph 20.

21.  Rowland's duties as Program Director were assumed by Laura Bookman, who, upon information and belief, at that time was in her late twenties.  Defendant did not give Rowland the opportunity to apply for the Director of Fitness and Education position held by Bookman.

**ANSWER:**  Defendant admits that the Fitness Director, Laura Bookman, age 29 at that time, assumed some of the duties of the Program Director position after the Program Director position was eliminated.  Answering further, Edye Wagner, age 49 at that time, assumed the majority of the Program Director duties.  Rowland was not asked to apply for a Fitness Director position as such position was not open on April 30, 2007; however, Defendant did offer Rowland another position in Membership Sales, which Rowland declined.  Defendant denies the remaining allegations contained in paragraph 21.

22.  Defendant removed Rowland from the position of Program Director because of her age.

**ANSWER:**  Defendant denies the allegations contained in paragraph 22.

23.  In late April of 2007, Defendant offered Rowland on a take-it-or-leave-it basis an entry-level membership sales position, in which she would have been paid substantially less than in the position of Program Director.

**ANSWER:**  Defendant admits that it offered Rowland an alternative position in Membership Sales and that Rowland declined such position.  Defendant denies the remaining allegations contained in paragraph 23.

24.  As a direct and proximate result of Defendant's unlawful actions, Rowland has sustained injuries and damages.

**ANSWER:**  Defendant denies the allegations contained in paragraph 24.

25. The foregoing actions taken by Defendant against Rowland constitute unlawful age discrimination in violation of the ADEA.

**ANSWER:** Defendant denies the allegations contained in paragraph 25.

26. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

**ANSWER:** Defendant denies the allegations contained in paragraph 26.

27. Rowland demands trial by jury on all issues of fact.

**ANSWER:** Defendant admits that Rowland demands a trial by jury on all issues of fact with respect to Count I.

### COUNT II:  PATRICIA KAPSALIS - ADEA

28. Kapsalis incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 16 as its answer to paragraph 28.

29. Kapsalis was employed by Defendant from January, 1994 until February 2, 2007, when she was constructively discharged from her position as Business Manager.

**ANSWER:** Defendant admits that Kapsalis was employed by Defendant from January 1994 until February 2, 2007 and that her position was Business Manager at the time of her separation.  Defendant denies the remaining allegations contained in paragraph 29.

30. During her employment with Defendant, Kapsalis performed her job duties satisfactorily and received pay raises.

**ANSWER:** Defendant admits that Kapsalis received annual increases but denies the remaining allegations contained in paragraph 30.

31. Notwithstanding her satisfactory performance, Defendant, in its effort to eliminate its older employees, engaged in outrageous, abusive and harassing actions against Kapsalis in order to force her to leave her employment.

**ANSWER:** Defendant denies the allegations contained in paragraph 31.

32. For example, Defendant's President and CEO knowingly and falsely accused Kapsalis of paying out vacation pay in an unauthorized and wrongful manner and of not following proper procedures.

**ANSWER:** Defendant denies the allegations contained in paragraph 32.

33. On another occasion, the President and CEO yelled and screamed at Kapsalis in such an abusive and bullying manner that Kapsalis became concerned for her continued well being at work with Defendant.

**ANSWER:** Defendant denies the allegations contained in paragraph 33.

34. As a direct and proximate result of these and other abusive, intimidating and harassing actions taken by Defendants' [sic] President and other upper management, Kapsalis was constructively discharged from her employment on February 2, 2007.

**ANSWER:** Defendant denies the allegations contained in paragraph 34.

35. At the time of her constructive discharge, Kapsalis was 52 years old.

**ANSWER:** Defendant admits that Kapsalis was 52 years of age at the time of her separation, but denies the remaining allegations in paragraph 35.

36. Defendant discriminated against Kapsalis because of her age.

**ANSWER:** Defendant denies the allegations contained in paragraph 36.

37. As a direct and proximate result of Defendant's unlawful actions, Kapsalis's employment with Defendant was constructively discharged, and she has sustained injuries and damages.

**ANSWER:** Defendant denies the allegations contained in paragraph 37.

38. Defendant's actions constitute unlawful age discrimination in violation of the ADEA.

**ANSWER:** Defendant denies the allegations contained in paragraph 38.

39. Moreover, Defendant's violations of the ADEA were willful, and therefore warrant the imposition of liquidated damages against Defendant.

**ANSWER:**   Defendant denies the allegations contained in paragraph 39.

40. Kapsalis demands trial by jury on all issues of fact.

**ANSWER:**   Defendant admits that Kapsalis demands a trial by jury on all issues of fact with respect to Count II.

### COUNT III:  PATRICIA KAPSALIS – WAGE ACT

41. Kapsalis incorporates the allegations set forth in Paragraphs 1 through 16 as the allegations of this Paragraph.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 16 as its answer to paragraph 41.

42. Defendant was at all times relevant hereto an employer within the meaning of the Wage Act.

**ANSWER:**   Defendant admits the allegations contained in paragraph 42.

43. Kapsalis was at all times relevant hereto an employee of Defendant within the meaning of the Wage Act.

**ANSWER:**   Defendant admits the allegations contained in paragraph 43.

44. At all times relevant hereto, Defendant had a policy and practice pursuant to which Defendant agreed to pay terminated employees for all earned but unused vacation leave such employees had accrued during their employment with Defendant.

**ANSWER:**   Defendant admits that it had a policy and practice, in accordance with Illinois law, of paying former employees for earned but unused vacation leave accrued during their employment, up to the maximum accrual allowed. Defendant denies the remaining allegations of paragraph 44.

45. At the time Kapsalis's employment with Defendant was terminated, she had accrued a substantial number of days of earned but unused vacation leave.

**ANSWER:** Defendant admits that at the time of Kapsalis's resignation from employment, she had accrued vacation time which she had not yet used. Defendant denies the remaining allegations of paragraph 45.

46. Upon termination of her employment, Kapsalis demanded that Defendant pay her the monetary equivalent for her accrued but unused vacation leave.

**ANSWER:** Defendant admits that upon her resignation, Kapsalis demanded payment for vacation leave far beyond what she was due under the law or Defendant's policy. Defendant denies the remaining allegations of paragraph 46.

47. Defendant, in willful violation of the Wage Act, refused and continues to refuse to pay Kapsalis for such accrued but unused vacation leave.

**ANSWER:** Defendant denies the allegations contained in paragraph 47.

### AFFIRMATIVE AND OTHER DEFENSES

1. Neither Plaintiff has or can establish an adverse action as both Plaintiffs resigned.

2. All decisions made with respect to Plaintiffs' employment were based on legitimate factors other than and not motivated by Plaintiffs' age.

3. Even if Plaintiffs have stated a claim under ADEA, which Defendant vigorously denies, Plaintiffs have not established the required facts to warrant imposition of liquidated damages. Defendant did not act

intentionally or willfully, and acted at all times in good faith with respect to Plaintiffs.

4.   Even if Plaintiffs have stated a claim under ADEA, which Defendant vigorously denies, Plaintiffs have failed to mitigate their damages.

5.   The obligation which Plaintiff Kapsalis alleges is owed by Defendant pursuant to the Wage Act has been paid in full.

6.   Even if Plaintiff Kapsalis has stated a claim under the Wage Act, which Defendant vigorously denies, Plaintiff Kapsalis is not entitled to a jury trial as to her Wage Act claim.

7.   Even if Plaintiff Kapsalis has stated a claim under the Wage Act, which Defendant vigorously denies, Plaintiff Kapsalis is not entitled to punitive damages or penalties under the Wage Act.

WHEREFORE, Defendant Lake Forest Health and Fitness Institute respectfully prays that Plaintiffs take nothing by the Complaint, that the Complaint be dismissed with prejudice, and that Defendant Lake Forest Health and Fitness Institute be awarded its costs incurred in defending against this action.

Dated:  June 24, 2008

Respectfully submitted,

**LAKE FOREST HEALTH AND FITNESS INSTITUTE**


s/ Mark E. Furlane
Mark E. Furlane (ARDC #00897175)
Laurie A. Holmes (ARDC #6282262)
Drinker Biddle & Reath LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000
Mark.furlane@dbr.com
Laurie.holmes@dbr.com
Attorneys for Defendant

CH01/ 25166946.1